UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br>v.<br><br>JASON P. DECKER and DEBRA A. DECKER, husband and wife and the marital community composed thereof, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00253-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants'/Third-Party Plaintiffs' ("Decker Defendants") Motion for Reconsideration. Dkt. No. 57. Having reviewed the motion, the Court STRIKES the motion as excessively lengthy, in violation of this District's Local Civil Rules.

This District maintains strict word-count limits with respect to court filings. The limits vary, depending on the type of filing. *See* LCR 7(e). Motions for reconsideration "shall not exceed 2,100 words or, if written by hand or with a typewriter, six pages." LCR 7(e)(1).

ORDER ON MOTION FOR RECONSIDERATION - 1

Additionally, under Local Civil Rule 7(e)(6), "When word limits apply [to a filing], the signature block shall include the certification of the signer as to the number of words.'" The instant motion for reconsideration is, excluding those pages dedicated to caption and certificate of service, 17 pages long—nearly triple the permissible length. *See* Dkt. No. 57. Further, the signature block does not include the required attestation as to the number of words in the motion. *See id.* at 19.

In this District, the prescribed sanction for an overlength brief is to "refuse to consider any text, including footnotes, which is not included within the word or page limits." LCR 7(e)(6); *see Mooney v. Roller Bearing Co. of Am., Inc.*, No. C20-1030, 2023 WL 6979645, at *1 (W.D. Wash. Oct. 23, 2023); *Kaseburg v. Port of Seattle*, No. C14-784, 2015 WL 6449305, at *3 n.1 (W.D. Wash. Oct. 23, 2015). However, imposing this sanction here would effectively neuter the Decker Defendants' motion by reducing it to little more than its "Relief Requested" and "Factual Record" sections. What is more, due to the procedural quirk that precludes a party from responding to a motion for reconsideration unless the court specifically requests them to do so, *see* LCR 7(h)(3), Third-Party Defendants (collectively, "KeyBank") have not had the opportunity to assert how—or if—they have been prejudiced by the Decker Defendants' overlength motion. *See Grae-El v. City of Seattle*, No. C21-1678, 2022 WL 1154311, at *1 n.1 (W.D. Wash. Apr. 19, 2022) (opting not to sanction overlength brief because opposing party "d[id] not claim to be prejudiced by it or ask the court to strike the extra pages"); *Puget Soundkeeper All. v. Rainier Petroleum Corp.*, No. C14-829, 2017 WL 6515970, at *6 (W.D. Wash. Dec. 19, 2017) (permitting overlength brief without sanction because opposing party "did not allege that it was prejudiced by" it).

Therefore, the Court finds it most prudent to STRIKE the Decker Defendants' overlength motion and to DIRECT them to re-file a motion for reconsideration of appropriate length that

comports with the Local Civil Rules. Pursuant to Local Civil Rule 7(h)(3), should the Court deem it necessary, it will request that KeyBank file a response.

Accordingly, the Court ORDERS:

(1) The Decker Defendants' Motion for Reconsideration (Dkt. No. 57) is STRICKEN.

(2) The Decker Defendants SHALL re-file a Motion for Reconsideration that comports with Local Civil Rule 7 **no later than December 16, 2024.**

Dated this 9th day of December 2024.

Tana Lin
United States District Judge