UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br>v.<br>JASON P. DECKER and DEBRA A. DECKER, husband and wife and the marital community composed thereof, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00253-TL<br><br>ORDER ON MOTION FOR CONTINUANCE |

This matter is before the Court on Plaintiff's Motion for a Continuance. Dkt. No. 87. Plaintiff Travelers Casualty and Surety Company of America ("Travelers") asks the Court for a six-month continuance of the trial date and all pre-trial and discovery deadlines. *Id.* at 1. No Defendant has responded to Plaintiff's motion.[1] Having reviewed Plaintiff's motion and the

---

[1] In a Joint Status Report dated November 6, 2025, Defendants Jason P. Decker and Debra A. Decker (the "Decker Defendants") asserted that they were "prepared to respond in detail to any motion for continuance filed by

ORDER ON MOTION FOR CONTINUANCE – 1

relevant record, the Court GRANTS Plaintiff's motion.

## I. BACKGROUND

The Court recited the procedural and factual background of this case in its prior Order on Plaintiff's motion for partial summary judgment. *See* Dkt. No. 83 at 2–8. On October 20, 2025, the Court granted Plaintiff's motion. In ruling for Plaintiff, the Court:

(1) Stayed the case as to Defendant WilDec and Defendant Decker & Williams;

(2) Ordered Defendants Jason P. Decker, Debra P. Decker, and Passage to deposit with Plaintiff collateral security in the amount of $15,132,183.36, with the Deckers' share not to exceed $5,000,000.00;

(3) Orered Defendants Jason P. Decker, Debra P. Decker, and Passage to provide Plaintiff with the records that Plaintiff had demanded in its March 7, 2025, Demand Letter; and

(4) Entered judgment in favor of Plaintiff and against Defendants Jason P. Decker and Debra P. Decker in the amount of $5,000,000.00.

*Id.* at 21.

On November 6, 2025, per the Court's request, the Parties submitted a Joint Status Report. Dkt. No. 86. Defendants Jason P. Decker and Debra Decker (the "Decker Defendants") asserted that the Court's order on summary judgment had largely resolved most of the issues in the case, and that "[t]he only thing left to occur at an eventual trial, which is presently stayed and will now be resolved in bankruptcy court, is fixing the amount of the award against [Defendants WilDec and Decker & Williams]." *Id.* at 3. The Decker Defendants advised that "the appropriate course of action is to strike the remainder of the case schedule and treat the Judgment (Dkt. No. 84) as a final judgment as to Defendants Jason and Deborah [*sic*] Decker resolving the case." *Id.* Plaintiff disagreed.

---

Travelers . . . ." Dkt. No. 86 at 5–6. After Plaintiff filed the instant motion, however, no Defendant submitted a responsive brief.

For its part, Plaintiff asserted that "a short continuance with some additional discovery is now warranted." *Id.* at 8. Plaintiff advised that Defendants had not provided it with the records that the Court ordered them to provide, and that Plaintiff needed to review such records in order to determine the applicability of the Decker Defendants' $5,000,000.00 liability limit to certain assets allegedly transferred among the Defendants. *See id.* Plaintiff further asserted that developments in the respective bankruptcy matters of Defendants WilDec and Decker & Williams would result in this Court's being called upon to adjudicate "the liability dispute between [these Defendants] and [Plaintiff]." *Id.* at 11.[2] Additionally, Plaintiff asserted that Defendants had not deposited the collateral security, as the Court had ordered, and that Defendant Passage's "ultimate indemnity obligation has also not yet been resolved." *Id.* at 13.

On November 13, 2025, Plaintiff filed the instant motion for a continuance. Dkt. No. 87. No Defendant responded.

## II.  DISCUSSION

Under Local Civil Rule 7(b)(2), "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *See Global Equip. Co. Inc. v. Global Storage Equip. Mfr. Ltd.*, No. C25-1269, 2025 WL 2822140, at *1 (W.D. Wash. Oct. 3, 2025) (construing defendants' failure to oppose plaintiff's motion as an admission that the motion had merit under Local Civil Rule 7(b)(2)). As demonstrated by Defendants' arguments in the Joint Status Report (*see* Dkt. No. 86 at 5–7), this is not an instance where Defendants had no conceivable meritorious opposition to Plaintiff's motion such that the Rules of Professional Conduct

---

[2] Specifically, Plaintiff advised that the respective petitions for bankruptcy would soon be transferred from the Eastern District of Washington to the Western District of Washington, after which Plaintiff would file a motion to withdraw the reference to the Bankruptcy Court of the liability dispute between itself and these Defendants. *See* Dkt. No. 86 at 12–13.

1 precluded their counsel from responding. *See Bd. of Trs. of the Locs. 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Ind. Health & Sec. Fund v. Barry Civ. Constr., Inc.*, No. C22-1166, 2024 WL 1410788, at *2 (W.D. Wash. Apr. 2, 2024). Therefore, the Court construes Defendants' nonresponse as an admission that Plaintiff's motion has merit.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Here, Plaintiff has provided unrebutted grounds for seeking a continuance. Plaintiff asserts that Defendants have not specifically performed their obligation to provide Plaintiff with "Books and Records that were Wrongfully Withheld," and which the Court ordered Defendants to produce in its order on summary judgment. Dkt. No. 87 at 7. Such withheld information "has a direct bearing on the Deckers' joint portion of the liability that will be owed by all the Indemnitors, once finally determined." *Id.*; *see also id.* at 10. Further, Plaintiff argues that a continuance will permit this Court to "reacquire [from the Bankruptcy Court] its right to rule on the [Defendant WilDec's and Defendant Decker & Williams'] respective liability" to Plaintiff. *Id.* at 9. While such "reacquisition" is not certain and will require further motion practice, Defendants' silence renders Plaintiff's the only argument on the subject before the Court.

Thus, absent any grounds to find that this does not constitute "good cause," the Court finds that it does. Accordingly, the Court GRANTS Plaintiff's motion.

//

//

//

### III. CONCLUSION

Plaintiff's motion for a continuance (Dkt. No. 87) is GRANTED. The Court will extend the trial date in this case by six (6) months. The parties SHALL attempt to stipulate to extended pretrial and discovery deadlines and SHALL file a joint status report in this regard **no later than December 19, 2025.**

Dated this 5th day of December, 2025.

Tana Lin
United States District Judge